UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Janet Brenneman,                                                    Case No. 3:19-cv-1805

           Plaintiff

     v.                                                            MEMORANDUM OPINION
                                                     AND ORDER

Commissioner of Social Security,

           Defendant

## I.    INTRODUCTION

Before me is the Report & Recommendation (R & R) of Magistrate Judge Jonathan D. Greenberg. (Doc. No. 15). Judge Greenberg recommends I affirm the final decision of the Defendant Commissioner of Social Security, denying Plaintiff Janet Brenneman's applications for a Period of Disability ("POD") and Disability Insurance Benefits ("DIB"). (*Id.*). Brenneman timely filed objections to the R & R, (Doc. No. 16), and the Commissioner responded. (Doc. No. 17).

## II.    BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by Brenneman, I hereby incorporate and adopt, in full, the "Procedural History" and "Evidence" sections set forth in the R & R. (Doc. No. 15 at 1-14).

## III.    STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g).  "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)).  If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV. DISCUSSION

Brenneman objects to Judge Greenberg's R & R on three grounds.  These objections, like Brenneman's briefing before Judge Greenberg, can generously be characterized as regrettably inartful.  But, on review of Brenneman's briefing before Judge Greenberg and her objections to the R & R, there is one common and reviewable error alleged: the ALJ's treatment of the medical opinions and evidence submitted first to the Ohio Bureau of Worker's Compensation for Brenneman's worker's compensation claim.

The underlying medical evidence and opinions at issue are: (1) the 2016 independent psychological evaluation of David S. Doane, Ph.D., (Doc. No. 11 at 419-25); (2) the January 27, 2017 independent medical evaluation of Gordon Harris, Ph.D., (*id.* at 545-51); (3) the August 31, 2017 independent psychological evaluation of Mark Querry, Ph.D., (*id.* at 552-63); and (4) the 2016-2018 records from Weinstein & Associates, Inc.  (*Id.* at 564-600).

Those records from Weinstein & Associates, Inc. included: (1) case notes and treatment summaries from Brenneman's treating therapist, Jennifer Arlington, LPCC, (*id.* at 564-83, 585-89, 591-92, & 597-98); (2) a medical opinion jointly signed by Arlington and psychologist, William S. Froilan, Ph.D., (*id.* at 583-84); (3) two Mental Health Notes Summary forms for the Ohio Bureau of

2

Worker's Compensation signed by Arlington, (*id.* at 593-94, & 599-600); and (4) a Physician's Report of Work Ability for the Ohio Bureau of Worker's Compensation signed by Dr. Froilan.  (*Id.* at 595-96).

> Of the evidence underlying Brenneman's worker's compensation claim, the ALJ stated:

> The undersigned is mindful that the claimant has participated in the worker's compensation process, and that some of the medical evidence in the file was produced for that purpose (Exhibits 8F/5, 51; 11F; 12F; 13F; 14F/3, 9).  While these medical evaluations are relevant in that they contain assessments that are useful for determining the claimant's functional ability, their administrative conclusions are different, as the two programs have different criteria for evaluation and policy goals. The Social Security Administration makes determinations of disability according to Social Security law, therefore a determination of disability by another agency is not binding on this proceeding. (20 CFR 404.1504 [20 CFR 416.904], see also SSR 96-5p on issues reserved to the Commissioner).  The undersigned affords these opinions little weight because Workmen's Compensation is a separate evaluation process. … Given the different evaluation guidelines and relevance to our program, the undersigned gives little weight to these opinions.

(*Id.* at 30).

The ALJ cited the substance of the independent medical evaluations of Drs. Doane, Harris, and Querry multiple times in the analysis.  (*Id.* at 23-24, 27-28).  But, though Brenneman treated with Weinstein and Associates, Inc. nearly 20 times over fifteen months, the ALJ mentioned the substance of those records only once in the following statement about Brenneman's ability to understand, remember, and apply information: "Jennifer Arlington, LPCC, her therapist, noted that the claimant has 'deficits in memory.'  (Exhibits 13F/9; 14F/9).  However, these observations are based on the claimant's self-reports rather than objective mental examinations (Exhibits 13F/9; 14F/9)."  (*Id.* at 23).  The ALJ's decision makes no mention of Dr. Froilan whatsoever.

In her merits brief, Brenneman argued the ALJ erred in her treatment of the medical evidence and opinions from Arlington and Dr. Froilan.  (Doc. No. 12 at 16-17).  Judge Greenberg did not address this in his R & R, perhaps because Brenneman made no reference to this argument in her reply brief.  Brenneman also fails to renew this argument in her objections.  But because

Brenneman raised the issue before the court and the Commissioner had an opportunity to respond, I find the issue of the ALJ's treatment of the medical evidence and opinions from Weinstein & Associates, Inc. ripe for review.

This issue also relates to the ALJ's decision to give "little weight" to the opinions of Drs. Doane, Harris, and Querry. Judge Greenberg upheld the ALJ's treatment of these opinions because the ALJ "explained her decision to give all three Worker's Compensation evaluations 'little weight' with the accurate statement that all the Worker's Compensation evaluations had 'different evaluation guidelines and different standards.'" (Doc. No. 15 at 26-27). Brenneman objected to this conclusion alleging the ALJ failed to apply the proper legal standard. (Doc. No. 16 at 3-4).

For the reasons to follow, I conclude the ALJ failed to apply the proper legal standard when assigning weight to the medical opinions drafted for submission to the Ohio Bureau of Worker's Compensation.

It is true that "[b]ecause a decision by any other governmental agency or a nongovernmental entity about whether [the claimant is] disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on [the Social Security Administration ("SSA")] and is not [the SSA's] decision about whether [the claimant is] disabled or blind under [the SSA's] rules." 20 C.F.R. § 404.1504 (eff. Mar. 27, 2017). But, the current regulations provide that "in claims filed … on or after March 27, 2017, … we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim" in the same manner as all other evidence submitted in relation to the claim. *Id.* For example, a medical opinion submitted in an underlying a worker's compensation claim would be treated in the same manner as one first submitted for the social security benefits claim.

Brenneman's application for social security benefits was filed on February 25, 2016. (Doc. No. 11 at 19). Therefore, this specific requirement for consideration of that underlying evidence did

not apply.  But the regulation in effect prior to the time Brenneman's application was filed stated only that:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind.  We must make a disability or blindness determination based on social security law.  Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 404.1504 (eff. until Mar. 26, 2017).  This regulation did not instruct the ALJ on how to view the medical evidence and opinions underlying that determination.  But the remaining sections of the regulations advised that the ALJ would "consider *all* evidence in [the] case record" when determining whether the claimant is disabled.  20 C.F.R. § 404.1520(a)(3) (emphasis added).  Specifically, the ALJ must review "all of the evidence [ ] receive[d], including all medical opinion(s)." 20 C.F.R. § 404.1520b (a).[1]

For applications filed before March 27, 2017, like Brenneman's, there is nothing in the regulations providing that medical opinions in the case record may be treated differently from one another based upon the purpose for which they were initially drafted.  Instead, the regulations require that, "[r]egardless of its source, [the ALJ] will evaluate every medical opinion … receive[d]. Unless [the ALJ] give[s] a treating source's medical opinion controlling weight under paragraph (c)(2) of this section, [the ALJ] consider[s] all of the following factors in deciding the weight [to] give to any medical opinion."  20 C.F.R. § 404.1527(c).  Those "following factors" are: (1) the examining relationship; (2) the treatment relationship including the length, frequency, nature, and extent; (3) the supportability of the opinion with relevant evidence; (4) the consistency of the opinion with the case

---

[1] The regulation quoted was in effect at the time the ALJ reviewed Brenneman's application.  The language in effect at the time her application was filed, provides that the ALJ will "review all of the evidence relevant to your claim, including medical opinions (see § 404.1527)."  20 C.F.R. § 404.1520b (eff. Mar. 26, 2012 to Mar. 26, 2016).

record; and (5) whether the author of the opinion is a specialist in the relevant area.[2]  20 C.F.R. §
404.1527(c)(1)-(5).

These same factors are considered when weighing the opinions from "not acceptable
medical sources," such as licensed professional clinical counselors like Arlington.[3]  20 C.F.R. §
404.1527(f); *see, e.g., Hyland v. Comm'r of Soc. Sec. Admin.*, No. 1:12-cv-02173, 2013 WL 4784706, at *8
-*9 (N.D. Ohio Sept. 5, 2013).  With respect to these "not acceptable medical source" opinions,
though "not every factor for weighing opinion evidence will apply in every case," the ALJ

> generally should explain the weight given to opinions from these sources or
> otherwise ensure that the discussion of the evidence in the determination or decision
> allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when
> such opinions may have an effect on the outcome of the case.

20 C.F.R. § 404.1527(f); *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (citing
SSR 06-03p, 2006 WL 2329939 (S.S.A.)); *see, e.g., Hyland*, 2013 WL 4784706, at *9-*10 (as applied to
the opinion of a licensed professional clinical counselor).

Here, although the ALJ seemingly acknowledged the opinions of Arlington or Drs. Doane,
Harris, Querry, and Froilan as opinions to be weighed, she did not consider any of the applicable
factors when affording those opinions "little weight."  (Doc. No. 11 at 30).  Instead, the ALJ
discounted them because "Workmen's Compensation is a separate evaluation process" with

---

[2] The regulation also lists a sixth "other" factor providing that the ALJ may consider, "[f]or example,
the amount of understanding of our disability programs and their evidentiary requirements that a
medical source has, regardless of the source of that understanding, and the extent to which a medical
source is familiar with the other information in your case record."  20 C.F.R. § 404.1527(c)(6).
[3] In its opposition brief, the Commissioner asserts the ALJ was not required to give "good reasons"
for the weight given to Arlington's opinion because she was only a licensed professional counselor
and not an "acceptable medical source."  (Doc. No. 13 at 10-11).  This is true because a "treating
source" is defined as the claimant's "*acceptable* medical source who provides you, or has provided
you, with medical treatment or evaluation and who has, or has had, an ongoing treatment
relationship with you."  20 C.F.R. § 404.1527(a)(2) (emphasis added).  But the ALJ was still required
to consider the applicable factors when evaluating Arlington's opinion even though the "good
reasons" requirement of the treating physician rule did not apply.

"different evaluation guidelines." (*Id.*).  The ALJ also noted the relevance of a worker's compensation claim to the SSA program.  (*Id.*).

I agree that some of the opinions stated in the medical opinions at issue are irrelevant to the SSA proceedings and may be ignored, such as whether Brenneman's PTSD was caused by her injury at work on November 1, 2013.  (*See id.* at 6-7).  But these opinions also contain information relevant to the SSA claim "about the nature and severity of [Brenneman's] impairment(s), including [ ] symptoms, diagnosis and prognosis, what [Brenneman] can still do despite impairment(s), and [Brenneman's] physical or mental restrictions."  20 C.F. R. § 404.1527(a)(1).  The guidelines used by Ohio Bureau of Worker's Compensation to evaluate this information in the medical opinions do not affect the ALJ's ability to evaluate this same information under SSA guidelines.  Therefore, I respectfully disagree with Judge Greenberg's conclusion that the "different evaluation guidelines and different standards" of the Ohio Bureau of Worker's Compensation justified the ALJ's decision to give "little weight" to these opinions wholesale without considering the relevant factors.

Because the ALJ failed to apply the correct legal standard and consider the relevant factors when weighing the opinions of Arlington and Drs. Doane, Harris, Querry, and Froilan, the decision must be vacated and the matter remanded.  On remand, the ALJ will also have an opportunity to give further consideration to the case notes and treatment notes from Arlington, which she appears to have neglected in her initial review.[4]

---

[4] As noted above, the ALJ mentioned the records only once in the decision, even though Brenneman treated with Arlington nearly 20 times over 15 months.  This is especially problematic because the ALJ appears to have ignored evidence found in the records which conflict with the ALJ's conclusions.  For example, the ALJ concluded Brenneman had only a "moderate" limitation in "concentration, persistence, and pace," (*id.* at 23-24), but did not acknowledge Arlington's repeated findings that Brenneman had a "marked" limitation in this area.  (*Id.* at 569, 580, 592, 594, 598, 600).

7

## V.    CONCLUSION

For the foregoing reasons, I reject Judge Greenberg's conclusion and vacate the Commissioner's decision.  The matter is remanded for further proceedings in compliance with this Memorandum Opinion and Order.


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
